IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**RAJEEM SCOTT**                                                                              **PLAINTIFF**

v.                         **CIVIL CASE NO.**_____

**FL TRANSPORTATION, INC.; and**
**ALLEN HOLT**                                                                 **DEFENDANTS**

## COMPLAINT

COMES NOW the Plaintiff, Rajeem Scott, by and through his attorneys, and for his Complaint, states as follows:

### I. INTRODUCTION

1. Plaintiff brings this negligence lawsuit, involving FL Transportation, Inc.'s truck driver failing to control the space surrounding his vehicle and trailer and failing to yield to pedestrians on the afternoon of December 22, 2021 in Lincoln County, Tennessee, causing the FL Transportation, Inc.'s trailer to strike Plaintiff's body severely injuring him.

### II. PARTIES

2. At the time of the collision, Plaintiff Rajeem Scott (hereafter "Scott") was a resident of Wayne County, North Carolina.

3. FL Transportation, Inc. (hereafter "Frito-Lay") is an over-the-road, interstate motor carrier with its principal base of operations located in in Plano, Texas. Separate Defendant Frito-Lay is registered to conduct business in Tennessee and can be served process through its registered agent of service: **CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.** At all times herein, Defendant Frito-Lay was the employer of separate Defendant Allen Holt and had control over the tractor and trailer driven by Allen Holt.

4. Separate Defendant Allen Holt (hereafter "Holt") was an employee of Frito-Lay. At the time of the subject collision, Holt was a resident of Pulaski, Tennessee. At all times herein, Defendant Holt was under the control of, or acting as an agent/servant/employee in course and scope of his employment with Frito-Lay and in furtherance of the financial interests of Frito-Lay.

### III. JURISDICTION AND VENUE

5. This Court has Jurisdiction over the subject matter of this controversy, pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of fees and interest.

6. This Court has personal jurisdiction over the parties in this lawsuit.

7. At the time of the collision, Plaintiff was a resident, citizen and domiciled in the State of North Carolina.

8. Defendants are residents, citizens and are domiciled in the State of Texas and Tennessee.

9. Defendant Frito-Lay engages in continuous direct interstate commerce, including the State of Tennessee, and purposefully avail themselves of the benefits and privileges of operating in the State of Tennessee for financial benefit and gain. Frito-Lay's contacts and ongoing presence in the State of Tennessee is purposeful and systematic.

10. Frito-Lay's direct and continual presence includes continual GPS and electronic monitoring of truck drivers and equipment, dispatching and sending truck tractors and semitrailers and equipment in the State of Tennessee, advertising and soliciting truck drivers in the State of Tennessee, contracting for transportation delivery in the State of Tennessee and on its public highways, and providing for cargo load sites in Tennessee for profit. This ongoing,

concerted, and purposeful business activity includes a continual presence of equipment in the State of Tennessee and continuous, systematic, and purposeful transportation on public highways in the State of Tennessee.

11. Defendant Frito-Lay had purposeful direction and control jointly over its truck driver, the equipment, parking area and route involved in this transportation collision in Tennessee.

12. Therefore, personal jurisdiction over Defendants is proper and does not offend due process under the Tennessee long-arm statute in accordance with due process principles. Plaintiffs seek damages in excess of the amount required for federal diversity jurisdiction.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events, acts and omissions giving rise to the claim occurred in Lincoln County, Tennessee.

### IV. FACTUAL ALLEGATIONS

14. On December 22, 2021, Plaintiff Scott was driving his commercial motor vehicle and exiting the Frito-Lay facility in Fayetteville, Tennessee.

15. Once outside of the Frito-Lay facility, his vehicle began experiencing mechanical issues causing him to pull his vehicle all the way to the side of the road.

16. Upon pulling his vehicle to the side of the road, Plaintiff Scott turned on his hazard lights and flashers to indicate to other vehicles exiting the Frito-Lay facility he was having a mechanical issue.

17. At this time, Plaintiff Scott began to perform a web search in the vicinity for directions to a suitable repair station or tow yard. During this time, at least one commercial motor vehicle safely passed by Mr. Scott's vehicle.

18. Shortly thereafter, Separate Defendant Holt, driving the Frito-Lay tractor and trailer, approached Plaintiff's vehicle and began honking his horn.

19. After numerous honks, Plaintiff Scott exited his vehicle to wave and motion for Holt to drive around him and his vehicle.

20. Upon seeing Plaintiff Scott wave and motion to go around, Holt began passing Plaintiff Scott and his vehicle to take a right-hand turn at the stop sign just ahead. During this time, Plaintiff Scott proceeded to return to his vehicle.

21. When Plaintiff Scott was close to his vehicle, Defendant Holt turned right at the intersection causing the Frito-Lay trailer to strike Plaintiff Scott's body severely injuring his leg.

22. Defendant Holt did not stop his vehicle upon striking Plaintiff Scott's body and continued to drive down the road until responding police officers located him and observed a blood stained area on the passenger side of the Frito-Lay trailer Defendant Holt was driving.

23. Plaintiff Scott was subsequently transported by ambulance and helicopter due to the injuries he sustained by the strike from the Frito-Lay trailer.

## V. CAUSES OF ACTION

### A. Direct Negligence and Vicarious Liability for Defendant Frito-Lay

24. The preceding paragraphs are hereby incorporated by reference.

25. At the time of the accident, Defendant Holt was an employee of Separate Defendant Frito-Lay and was operating under the policies and supervision of Defendant Frito-Lay.

26. Defendant Frito-Lay hired Defendant Holt and at all times of his employment retained control and authority over him, including the power to supervise and train him and allow him to drive vehicles owned by Frito-Lay and make deliveries for Frito-Lay.

27. At the time of the accident, Separate Defendant Holt was being paid by Defendant Frito-Lay and furthering the business interest of Frito-Lay.

28. Defendant Holt, and his employer Defendant Frito-Lay had a direct, affirmative non-delegable duty, as a commercially licensed trucking operation, to safely and jointly operate their semi-tractor trailer in a reasonably prudent manner and with the highest degree of care.

29. At all relevant times, Defendant Holt was acting as an agent/employee/servant within the scope and course of his employment with Defendant Frito-Lay, subject to its direction and control while furthering their business interests and financial enterprises on interstate highways in the State of Tennessee.

30. Defendant Frito-Lay is affirmatively negligent and directly and vicariously liable, under the doctrine of *respondent superior* and imputed conduct, for the conduct of its agent and employee within the course and scope of his employment.

31. Defendant Holt was entrusted, permitted and allowed to operate Defendants' commercial motor vehicle and operate and maneuver on a public roadway in the negligent and reckless manner in which Defendant Holt was driving at the time Plaintiff was injured.

32. The acts and omissions of Defendant Holt are directly imputed to his employer and principle, Defendant Frito-Lay. Defendant Holt's negligent and careless acts and omissions occurred while he was within the scope and course of his employment and in furtherance of the business interests of Defendant Frito-Lay on the public roads in the State of Tennessee.

33. Defendant Frito-Lay failed to have standards, systems, policies and/or procedures in place to prevent its drivers from operating its truck, tractor, semitrailer, and commercial motor vehicle equipment and combination in a negligent, careless and/or reckless manner.

34. Defendant Frito-Lay through their direct corporate actions and inactions, adopted an unreasonable and imprudent policy, procedure practice and standard, in which they allowed and encouraged for financial benefits rather than discouraged, Defendant Holt, to drive and operate the semi-trailer, in the negligent, careless and reckless manner in which Defendant Holt was operating, maneuvering at the time Plaintiff was injured.

35. Defendant Frito-Lay's agent, employee and servant, in the course and scope of employment, as a commercially licensed driver, must be able to maintain, control and safely operate the semi-truck, trailer, semitrailer, on public roadways.

36. This safe and prudent commercial motor vehicle operation under FMCSR, state law, and industry standards, customs and practices, includes keeping a proper surveillance and lookout for pedestrians and other motor vehicles before braking, accelerating, turning, changing speed and lane direction.

37. Defendant Holt must be properly trained to inspect his commercial motor vehicle, including emergency operation and use, proper sight and view of pedestrians and public traffic and safely prudent operations. Defendant Holt must maintain a reasonable and prudent speed and space around his vehicle under the circumstances.

38. Defendant Holt must also not drive or operate a motor vehicle and motor carrier while distracted, not observant of pedestrians or other drivers on the highway and his vision and ability to operate the motor vehicle are impaired as to make it unsafe for others traveling on the interstate.

39. Defendant Frito-Lay failed to train, supervise, monitor and control its employees, including Defendant Holt, regarding the rules, regulations, procedures and policies applicable to commercial drivers operating tractor-trailer trucks on the roads of the United States.

40. Defendant Frito-Lay failed to have polices and/or procedures in place to prevent its drivers, including Defendant Holt, from operating Defendant Frito-Lay's semi-tractor-trailer and motor vehicle equipment in a negligent and/or reckless manner.

41. Defendant Frito-Lay through its actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Holt to drive in the negligent and reckless manner in which Defendant Holt was driving at the time that he collided with Plaintiff Scott.

42. Defendant Frito-Lay failed to have appropriate industry standards, customs and practice and polies and/or procedures in place to prevent their semi-tractor drivers, including Defendant Holt, from operating the semitrailer and tractor equipment in a negligent and/or reckless manner presenting appreciable risk of harm to pedestrians and public travelers on public roadways in the State of Tennessee.

43. It was foreseeable that the failure of Defendants to have a reasonably safe and prudent transportation system and to fail to control and operate their semi-trailer in a reasonably prudent and safe manner would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the roadways.

### *b. Direct Negligence for Defendant Holt*

44. The preceding paragraphs are hereby incorporated by reference.

45. Defendant Holt, was directly and affirmatively careless and negligent, including, but not limited to, the following particulars:

   a. Driving in such a careless manner as to evidence a failure to keep a proper lookout for pedestrians and other traffic;

b. Driving in such a careless manner as to evidence a failure to maintain proper control of the vehicle;

c. Failing to properly and safely pass a vehicle on the left;

d. Failing to maintain a proper lookout for other traffic and pedestrians;

e. Failing to maintain safe control of the vehicle;

f. Failing to yield the right-of-way to pedestrians;

g. Failing to comply with Federal and State law, accepted traffic safety engineering principles, and local laws governing safety and health including, but not limited to Federal Highway Administration Regulations, MUTCD, OSHA, and Tennessee State Highway and Transportation Department Standards;

h. Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident and

i. Failing to operate a motor vehicle upon Tennessee roadways in such a way as to avoid injuring someone, in violation of the common law of Tennessee.

46. It was foreseeable that the failure of Defendants to operate their semi-tractor trailer in a reasonably prudent and safe manner would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate highway system.

47. It was foreseeable that the failure of Defendants to have a reasonably safe and prudent transportation system and to fail to control and operate their semi-trailer in a reasonably prudent and safe manner would present and cause an appreciable risk of serious harm or danger to other public users and travelers.

48. As a direct and proximate result of the acts and omissions of Defendants, as described above, Plaintiff suffered severe injuries, for which he seeks compensation in excess of the amount required for federal diversity jurisdiction.

## VI. PROXIMATE CAUSATION

49. The facts and allegations recite above are incorporated by reference and made a part hereof as though set out verbatim.

50. As a direct and proximate result of the negligent acts and/or omissions, Plaintiffs sustained severe and critical personal, physical, psychological and emotional injuries.

## VII. INJURIES AND COMPENSATORY DAMAGES

51. Plaintiff seeks compensation for the damages he has sustained, and which were directly and proximately caused by the negligence, careless and reckless conduct of the Defendants, including, but not limited to the following damages permitted by applicable law:

   a. damages for the nature, extent, duration, and permanency of Plaintiff's injuries;

   b. full value of Plaintiffs' past medical, present and future medical expenses, including all special and consequential damages;

   c. damages for Plaintiff's pain, suffering, mental anguish, embarrassment, depression, and anxiety, experienced in the past, present, and future;

   d. damages for the loss of enjoyment of life, hedonic damages and destruction of Plaintiff's goals and/or opportunities as a person;

   e. damages for scarring, disfigurement, and other visible results of Plaintiff's injuries;

f. the value of all earning, profits, salary, and working time lost in the past, and the present value of any earning, profits, salary, and working time reasonably certain to be lost in the future;

g. Plaintiff's future loss of past, present and future earning capacity and ability to earn, opportunities to thrive, develop and grow;

h. All other compensatory damages allowed by Tennessee law.

52. The injuries and damages described herein have been suffered in the past, present and are reasonably expected to continue in the future.

## VIII. DEMAND FOR JURY TRIAL

53. Plaintiff requests a jury trial on all issues herein.

54. Plaintiff reserves the right to amend the Complaint to conform to proof.

## IX. PRAYER FOR RELIEF

55. Plaintiff respectfully prays for an award of damages and joint and several judgment, be entered against Defendants, jointly and severally for all damages caused by Defendants, for actual, compensatory and special damages, as permitted by Tennessee law in the amount of $1,000,000.00, punitive damages in the amount of $1,500,000.00 as provided by law, and for reasonable filing and court costs and fees under the Federal Rules of Civil Procedure and Tennessee law.

Respectfully submitted,

s/ Robert F. Davis
DAVIS, KESSLER & DAVIS
Robert Floyd Davis
705 Dinah Shore Blvd.
Winchester, Tennessee 37398
Tel: (931) 967-7000
Fax: (931) 968-0680
Email: robert@daviskessler.com