UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| RAJEEM SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-048-DCLC-SKL |
| FL TRANSPORTATION, INC. and ALLEN HOLT, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Plaintiff Rajeem Scott's motion to modify the Amended Scheduling Order seeking to extend the fact and expert discovery deposition deadline from June 30, 2024, to July 31, 2024, and the dispositive motion deadline from July 31, 2024, to August 31, 2024 [Doc. 56]. Also before the Court is Plaintiff's motion to compel Defendant Florida Transportation, Inc., to respond to Plaintiff's second set of discovery requests and to produce late-filed exhibits to its corporate designee's deposition, conducted March 21, 2024 [Doc. 57].

Defendants did not file a response to either of Plaintiff's motions, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. The Court deems Defendants' failure to respond to be a waiver of any opposition to the relief Plaintiff seeks in the motions. *See* E.D. Tenn. L.R. 7.2. Accordingly, both motions [Doc. 56 & Doc. 57] are **GRANTED** as unopposed. Defendant Florida Transportation, Inc., is **ORDERED** to respond to Plaintiff's outstanding interrogatory and to provide all non-privileged documents responsive to Plaintiff's outstanding requests for production [*see* Doc. 57-1 & Doc. 57-2] within **SEVEN DAYS** of entry of this Order.

In addition, the Court finds Plaintiff has demonstrated good cause to further amend the Amended Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4) (A scheduling order "may be modified only for good cause and with the judge's consent."). That is, despite various scheduling issues,

the parties believe depositions of remaining expert and fact witnesses can be completed by July 31, 2024, and the parties have tentatively scheduled mediation to take place on August 15, 2024. Accordingly, the Amended Scheduling Order [Doc. 35] is further amended as follows:

The deadline for completion of fact and expert discovery depositions is extended to **July 31, 2024**, and all dispositive motions under Rules 12 and 56 shall be filed on or before **August 31, 2024. No further extensions will be granted absent a showing of extraordinary circumstances. All other deadlines and requirements of the Amended Scheduling Order [Doc. 35] remain in effect.**

Furthermore, the parties are **ORDERED** to engage in private mediation to attempt to resolve this case. Unless this case is resolved sooner by agreement, the parties **SHALL** participate in private mediation with a mutually agreed-upon mediator by no later **than August 15, 2024**. The parties **SHALL** be responsible for setting a schedule to comply with this deadline. *See* E.D. Tenn. L.R. 16.4. Within **SEVEN DAYS** of the conclusion of the scheduled mediation, the mediator **SHALL** file a mediation report, and the parties **SHALL** ensure he or she does so. *See* E.D. Tenn. L.R. 16.4(m). Each party (or party representative) **SHALL** be present for the mediation, **SHALL** have full settlement authority to resolve all claims, and **SHALL** participate in the mediation in good faith. The mediator is authorized to set parameters for the mediation that are in addition to the requirements addressed herein. Compensation of the mediator's services **SHALL** be borne equally by each side of the case unless other arrangements are mutually agreed to by the parties.

SO ORDERED.

ENTER:                           s/ *Susan K. Lee*
                                        SUSAN K. LEE
                                        UNITED STATES MAGISTRATE JUDGE