UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| RAJEEM SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 4:22-cv-000048-DCLC-SKL |
| v. | ) |
| | ) |
| FL TRANSPORTATION, INC., and | ) |
| ALLEN HOLT, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendants filed a motion for summary judgment [Doc. 90] asking the Court to dismiss this case. Defendants claim that there is no genuine issue of material fact that Plaintiff was more than 50 percent responsible for his injuries and, in any event, that their actions were not the proximate cause of Plaintiff's injuries. Defendants also filed a separate motion for summary judgment asking the Court to dismiss Plaintiff's punitive damages claim [Doc. 94] Plaintiff has responded [Doc. 97, 98]. Because genuine issues of material fact exist, Defendant's motion for summary judgment on comparative fault [Doc. 90] is **DENIED**. Defendant's motion for summary judgment on punitive damages, however, [Doc. 94] is **GRANTED.**

I. **BACKGROUND**

On December 21, 2021, Plaintiff, the owner and operator of Scott's Trucking, LLC, worked as a commercial truck driver and had just loaded his tractor trailer with goods from the Frito Lay facility in Fayetteville, Tennessee, headed to Alabama. He drove his tractor trailer on to Industrial Boulevard where he claims that his vehicle had mechanical problems. He stopped his vehicle in the roadway. The reason why Plaintiff stopped his tractor-trailer there is disputed. Defendants

1

claim that the vehicle was "drivable" and so there was no reason for Plaintiff to have stopped, blocking the lane of travel for other vehicles. [Doc. 101, Statement of Material Facts, ¶ 3]. Plaintiff represented that at that time he "believed [he] posed a danger on the roads." [Doc. 92-2, Scott Dep., pg. 115].

Defendant Allen Holt was driving his tractor trailer when he came upon Plaintiff's stopped vehicle blocking his lane of travel on Industrial Boulevard. [Doc. 101, SMF, ¶ 7]. When Defendant Holt honked his horn, Plaintiff exited his vehicle and proceeded to the rear of his trailer. Plaintiff waved, signaling to Defendant Holt to proceed around his parked vehicle [Doc. 101, SMF, ¶ 11]. Defendant Holt began to move his tractor trailer around Plaintiff's vehicle into the opposite lane of travel. At that point, Defendant Holt lost a visual of Plaintiff as he was moving his tractor trailer around Plaintiff's. Plaintiff contends that when he was walking back to his tractor trailer, some portion of Defendant's vehicle struck him, causing him injuries. While Plaintiff is not sure what part hit him, Plaintiff assumes that it was the tail end of the trailer that struck and injured him [Doc. 101, SMF, ¶ 18].

Plaintiff contends that Defendant acted negligently in moving his vehicle without knowing Plaintiff's location. Plaintiff claims that Defendant Holt was also negligent in misjudging the space that was available to move his vehicle safely around Plaintiff's truck. Defendants contend that Plaintiff was more than 50 percent at fault for: stopping his vehicle in the roadway in a no parking zone, exiting his vehicle and walking onto the roadway, and turning his back on Defendant as Defendant passed Plaintiff's truck. Defendants further contend that Defendant Holt did not breach any duty owed to Plaintiff, and that in any event Defendant's Holts actions were not the proximate cause of Plaintiff's injuries.

2

## II. LEGAL STANDARD AND CHOICE OF LAW

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party ... must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). When "a party ... fails to properly address another party's assertion of fact," a court can consider the fact undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2).

Finally, the Court has diversity jurisdiction under 28 U.S.C. § 1332. State substantive law applies to state law claims brought in federal court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938).

## III. ANALYSIS

### A. MOTION FOR SUMMARY JUDGMENT BASED ON COMPARATIVE FAULT [DOC. 90]

Under Tennessee law, a plaintiff must establish the following elements for a claim of negligence: (1) a duty of care owed by the defendant to plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. *King v. Anderson Cty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (internal citations omitted). Causation in fact and proximate cause are distinct elements of a negligence claim, and a plaintiff must prove both by a preponderance of the evidence.

*Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993). "Causation, or cause in fact, means that the injury or harm would not have occurred 'but for' the defendants' negligent conduct." *Id.* at 598. Once causation in fact is established, proximate cause asks whether the law should "extend responsibility" for negligent conduct "to the consequences that have occurred." *King*, 419 S.W.3d at 246 (internal citations and quotations omitted). The Tennessee Supreme Court has set forth a three-prong test to determine proximate cause: (1) the tortfeasor's conduct must have been a "substantial factor" in bringing about the harm complained of; (2) there is no rule or policy that should relieve the wrongdoer from liability because of the manner in which the negligence has resulted in the harm; and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence. *McClenahan v. Cooley*, 806 S.W.2d 767, 775 (Tenn. 1991). Cause in fact and proximate cause are "ordinarily jury questions, unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome." *Haynes v. Hamilton County*, 883 S.W.2d 606, 612 (Tenn. 1994) (citations omitted).

The focus of Defendant's motion for summary judgment is that the combination of Plaintiff's actions in stopping his vehicle in the lane of travel, exiting the vehicle to engage Defendant, and walking away from Defendant's vehicle as it began to maneuver around his is – as a matter of law – more than 50 percent at fault for his injuries. Defendants argue that Plaintiff exceeds the 50 percent negligent threshold because he was negligent *per se* when he violated several statutes and local ordinances. *See* Tenn. Code Ann. § 55-8-158, 37-17-307. For example, Defendants cite Tenn. Code Ann. § 55-8-158 which directs motorists not to park their vehicle "upon the paved or main-traveled part of the highway when it is practicable to stop, park or so leave the vehicle off such part of the highway." And they cite Tenn. Code Ann. § 37-7-307, which

4

makes it a Class A misdemeanor to "intentionally, knowingly or recklessly" obstruct a highway. Defendants contend that Plaintiff's violations of these statutes were a substantial factor in bringing about his harm. Defendants cite their expert's opinion that Plaintiff violated the standard of care when he stopped his vehicle on Industrial Boulevard when he could have parked in several alternative safer locations. [Doc. 92, SMF, ¶ 58–66, 68]. But whether it was "practicable" to have stopped elsewhere as Defendant's expert claims is a question of fact for the factfinder. Indeed, Plaintiff contends that he stopped his tractor trailer because he believed that it posed a danger on the roadway. And whether that is credible will determine whether he, in fact, violated Tenn. Code Ann. § 55-8-158, and ultimately whether that was a substantial factor in bringing about his injuries.

Moreover, Defendants contend that Plaintiff was negligent by exiting his vehicle and walking into the roadway. All of this together, Defendants contend, show that Plaintiff was more than 50 percent at fault. But focusing solely on Plaintiff's conduct in this context and not Defendant's – where it could be argued both share some responsibility – misses the mark.

Here it is undisputed that: (1) Plaintiff was operating his tractor trailer when he stopped it on Industrial Boulevard; (2) the location where he stopped his vehicle blocked that lane of travel; (3) when Defendant Holt pulled behind Plaintiff's vehicle, Plaintiff exited his vehicle from the driver's side and waved Defendant Holt around his vehicle; and (4) as Defendant Holt maneuvered his tractor-trailer around Plaintiff's tractor trailer, he lost sight of Plaintiff and some part of his vehicle struck and injured Plaintiff. Why Plaintiff stopped his vehicle is disputed. In his deposition, he stated that he believed his vehicle's condition posed a danger on the roadway. Defendants claim the vehicle was drivable and there was no need to stop.

Defendant's motion requires the Court to focus on the comparative fault of each of the parties. Under the "comparative fault doctrine, the court may compare the fault of the tortfeasor

5

Case 4:22-cv-00048-DCLC-SKL   Document 103   Filed 10/09/24   Page 5 of 7   PageID #: 3628

to the fault of the plaintiff." *Lewis v. State*, 73 S.W.3d 88, 94 (Tenn. Ct. App. 2001). If the plaintiff's negligence is equal to or greater than the defendant's negligence, the plaintiff may not recover. *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992) (adopting the "49 percent rule" of the modified comparative fault doctrine). In other words, a plaintiff may recover, despite his own negligence, so long as his fault was less than that of the defendant. *Feathers v. Willamette Indus., Inc.*, 162 F. App'x 561, 574 (6th Cir. 2006) (citing *McIntyre*, 833 S.W.2d at 57). However, "comparative fault is a question of fact within the jury's province, which should not lightly be invaded by the trial court." *LaRue v. 1817 Lake Inc.*, 966 S.W.2d 423, 427 (Tenn. Ct. App. 1997).

In this case, several issues compel the motion to be denied. Regardless of Plaintiff's violation of certain statutory duties, he is not *per se* excluded from recovery. It may very well reduce his recovery overall as the jury weighs out the proper allocation of fault. Allocating more than 50 percent of fault now would require the Court to resolve all factual disputes. But at this stage, that is not the province of the Court. Disputed factual issues are at the heart of what the jury will have to weigh. Accordingly, Defendant's motion [Doc. 90] is **DENIED**.

B.  **MOTION FOR SUMMARY JUDGMENT PUNITIVE DAMAGES [DOC. 94]**

Defendants also argue that the facts in this case do not justify permitting this case to go to the jury on the issue of punitive damages. Tenn. Code Ann. § 29-39-104(a)(1) provides for the award of punitive damages where a claimant proves by clear and convincing evidence that the defendant acted "maliciously, intentionally, fraudulently, or recklessly…" In this case, Plaintiff agrees that the evidence does not support submitting this issue to a jury. Accordingly, Defendants' motion for summary judgment on punitive damages [Doc. 94] is **GRANTED.**

IV. **CONCLUSION**

To the extent Defendant' motion seeks summary judgment [Doc. 90] on Plaintiff's personal

6

injury claim based on the doctrine of comparative fault, the motion is **DENIED**. Defendant's motion for summary judgment on the punitive damages claim [Doc. 94] is **GRANTED.**

    **SO ORDERED:**

s/Clifton L. Corker  
United States District Judge
